Denis S. Kenny (Bar# 178542)
SCHERER SMITH & KENNY LLP
214 Grant Avenue, Suite 400
San Francisco, CA 94108
Telephone: (415) 433-1099
Facsimile: (415) 986-1730

Attorneys for Defendant
State of California, California Highway Patrol

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHE PRESANT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, PEDRO BARA, individually,<br><br>　　　　　Defendants.<br><br>AND RELATED CASE NO. C04-3025 SBA | Case No.: C04-3309 SBA<br><br>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

WHEREAS, the Equal Employment Opportunity Commission ("EEOC") has produced to Che Presant ("Presant") (in response to a public records act request) and Alltech, Inc. ("Alltech, Inc.") (in response to a request for production of documents in the above-referenced action) certain documents (BATES Stamp Numbered EEOC 10005-EEOC 10035, EEOC 10036- EEOC 10037, EEOC 10044- EEOC 10045, EEOC 10099-EEOC 10585, EEOC 10597-EE0C 11252), tangible items and information pertaining to the Department of

California Highway Patrol (the "Department") deemed by the Department to be confidential and protected from disclosure by Evidence Code section 1043 (the "Peace Officers' Bill of Rights" or "POBR") and other applicable privileges and constitutional rights of privacy relating to personnel records of peace officers;

WHEREAS, the Department's initial submission to the EEOC of documents and information otherwise protected from disclosure by the POBR and other applicable privileges and rights of privacy was in response to a subpoena regarding Presant's discrimination complaint against the Department (Charge No. 376A300204) and the Department asserts that it did not intend to waive any rights the Department may have in protecting such documents from further dissemination and disclosure to anyone other than the EEOC;

WHEREAS, the parties may be producing additional documents, tangible items and/or information in this action; and

WHEREAS, the parties agree that this Confidentiality Stipulation and Protective Order ("Order") shall be effective and binding throughout all proceedings relating to this dispute, including this federal court action and any appeals thereof ("the litigation").

IT IS HEREBY STIPULATED AND AGREED that:

1. Documents BATES Stamp Numbered EEOC 10005-EEOC 10035, EEOC 10036-EEOC 10037, EEOC 10044- EEOC 10045, EEOC 10099-EEOC 10585, EEOC 10597-EE0C 11252 provided by the Department to the EEOC prior to the date of execution of this Order are deemed "Confidential."

2. Any party may further designate as "Confidential" any information produced or disclosed on any electronic media, any document, any tangible item, any written response to any discovery request, or any deposition testimony that the party considers in good faith to contain or

constitute information involving trade secrets, or confidential business or financial information or that is otherwise subject to protection pursuant to constitutional rights of privacy, the official information privilege, the deliberative process privilege or federal or state statutes, including without limitation California Evidence Code Section 1043. Any other party retains the right to challenge any such designation of "Confidential" as described in this paragraph 2 or paragraph 1 above.

3. The parties' production of any such Confidential material will be considered for the limited purpose of discovery only and will not in any way be construed as a waiver of any party's right to challenge the admissibility of such evidence at trial.

4. Failure to designate documents, tangible items or information as Confidential at the time of production or receipt shall not constitute a waiver of any party's right to later designate such items or information as Confidential.

5. Except as provided herein, no party shall disclose to anyone any information designated as Confidential. Subject to the other provisions of this Order, the parties and their attorneys of record may disclose such items or information designated as Confidential to the following persons:

(i) Any partners, associates, and employees of the parties' attorneys of record whose input is necessary to said attorneys' representation of their clients in this matter;

(ii) Experts or other litigation consultants retained by the parties in this action; and

(iii) Third party witnesses who are testifying, either at deposition or trial in this action.

6.  Before any person described in paragraph 5 above is given access to any item or information designated as Confidential, he or she shall execute a Certificate (as set forth in Exhibit A hereto) stating that he or she has read this Order and agrees to be bound by it.

7.  All documents, tangible items and/or information produced by any party, including those marked Confidential, may be used solely in connection with this litigation and for no other purpose.

8.  The Court shall determine at the time of trial what legend, if any, shall be permitted to appear on exhibits relating to confidential documents and information to be shown to the jury.

9.  The parties agree that persons employed by the above-referenced court have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers filed with the Court. Any court hearing which refers to or describes information designated as Confidential shall in the Court's discretion be in camera. Any party may request such an in camera hearing.

10. Nothing in this Order shall diminish a party's right to contend in this or any other proceeding that documents or information produced herein without a designation of Confidential are nonetheless confidential or proprietary and subject to appropriate protection under applicable law.

11. This Order shall not affect any party's right to object to the use in this action of documents or information on any ground. Consent to and entry of this Order shall not restrict the right of any party to file an application for an order seeking modification of this Order or further protection. Neither this Order nor the designation of any documents, tangible items or information as Confidential shall constitute an admission or acknowledgment by any party that

any such documents or information are, in fact, confidential, proprietary or otherwise protectable. The fact that documents or information have been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any documentation or information, at the time of trial or otherwise.

12. Any party may file or lodge under seal with the court documents, tangible items or information designated as Confidential. Any briefs transcripts, exhibits, depositions, or documents which are filed or lodged with the court which compromise, embody, summarize, discuss, or quote from documents, tangible items or information designated by a party as Confidential shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practical, only the portions of documents consisting of such designated items or information shall be lodged under seal. No motion or other request to file or lodge such designated items or information under seal shall be required of any party. Such designated items or information shall be filed or lodged in sealed envelopes or other appropriate sealed containers. Each sealed envelope or container shall be endorsed with the title and case number of the action, and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court and Contains Confidential information filed in this action by [Name of Producing Party], and is not to be opened or the contents thereof displayed or revealed except by order of the Court

13. This Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

14. This order shall be without prejudice to the right of the parties (1) to bring before the court at any time the question of whether any particular documents or information is confidential or whether its use shall continue to be restricted; or (2) to present a motion to the

court for a separate protective order as to any particular document or information, including restrictions different than those specified herein.

IT IS SO STIPULATED.

Dated: April 4, 2005        SCHERER SMITH & KENNY LLP

By: _____
DENIS S. KENNY
Attorney for Defendant
State of California, California Highway Patrol

Dated: April __, 2005       EQUAL EMPLOYMENT OPPORTUNITY
                            COMMISSION

By: _____
MARCIA L. MITCHELL
Attorney for Equal Employment Opportunity
Commission

Dated: April __, 2005       JONES & THOMPSON

By: _____
OLIVER A. JONES
Attorney for Plaintiff Che Presant

Dated: April __, 2005       JACKSON LEWIS, LLP

By: _____
CHARLES G. WILLIAMS
Attorney for Alltech, Inc.

court for a separate protective order as to any particular document or information, including restrictions different than those specified herein.

IT IS SO STIPULATED.

Dated: April __, 2005

SCHERER SMITH & KENNY LLP

By: _____
DENIS S. KENNY
Attorney for Defendant
State of California, California Highway Patrol

Dated: April 1, 2005

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
MARCIA L. MITCHELL
Attorney for Equal Employment Opportunity Commission

Dated: April 4, 2005

JONES & THOMPSON

By: _____
OLIVER A. JONES
Attorney for Plaintiff Che Presant

Dated: April __, 2005

JACKSON LEWIS, LLP

By: _____
CHARLES G. WILLIAMS
Attorney for Alltech, Inc.

| | |
|---|---|
| Dated: March __, 2005 | JONES & THOMPSON |
| | |
| | By: _____ |
| | OLIVER A. JONES |
| | Attorney for Plaintiff Che Presant |
| | |
| Dated: ~~March~~ June 15, 2005 | JACKSON LEWIS, LLP |
| | |
| | By: /s/ Charles G. Williams |
| | CHARLES G. WILLIAMS |
| | Attorney for Alltech, Inc. |

IT IS SO ORDERED this ⎣3⎦ day of ⎣August⎦, 2005.

~~SAUNDRA BROWN ARMSTRONG~~
~~United States District Court Judge~~

JAMES LARSON
U.S. MAGSITRATE JUDGE

---

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

USDC Case No.: C04-3309 SBA and Related Case No. C04-3025

6

1
2     **IT IS SO ORDERED** this ___ day of _____, 2005.
3
4
                                        _____
5                                       SAUNDRA BROWN ARMSTRONG
                                        United States District Court Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Case 4:04-cv-03309-SBA   Document 39   Filed 08/05/05   Page 9 of 10

# EXHIBIT A

# CERTIFICATE OF AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The undersigned _____ hereby acknowledges that he or she has received a copy of the Confidential Stipulation and Protective Order entered in the case of *EEOC and Presant v. Alltech, Inc., CHP & Barra*, U.S. District Court Case Nos. C04-3025 and C04-3309 SBA has read the same and agrees to be bound by all of the provisions thereof.

I consent to the jurisdiction of the U.S. District Court for the purposes of enforcing this Order and penalizing violations thereof.

Dated: _____, 2005

_____
Signature

S:\DOCUMENT\CHP\Discovery\ConfidentialityStipulation(final)(dkRev050331(clean).doc